**George SCALONE and Mary Ann Scalone, Plaintiffs,**

**v.**

**The CELOTEX CORPORATION, et al., Defendants.**

**No. 87 CIV 2386 (LBS).**

United States District Court, S.D. New York.

Aug. 7, 1989.

Levy Phillips & Konigsberg, New York City, for plaintiffs; Diane Paolicelli, of counsel.

Budd Larner Gross Picillo Rosenbaum Greenberg & Sade, New York City, for defendants Combustion Engineering, Inc.; Arthur Bromberg, of counsel.

Hinckley & Silbert, P.C., New York City, for defendant Owens–Corning Fiberglas Corp.; Michael B. Sena, of counsel.

SAND, District Judge.

OPINION

The question raised by the pending motions for summary judgment is the applicability of the New York Toxic Tort Revival Statute to a New Jersey resident who claims to have sustained injuries from exposure to asbestos in New York.

Plaintiff George Scalone, an insulator by trade, was at all relevant times a resident of New Jersey. He asserts that he traveled daily to New York and worked with asbestos on job sites in this State.

Plaintiff first began to develop pulmonary problems in 1983, long after his last exposure to any defendants' asbestos and under New York's then applicable limitations/exposure rule, suit in New York in 1986 would have been untimely.

On July 11, 1986, he commenced an action in New Jersey against movant, Combustion Engineering, Inc., alleging asbestos related injury. On June 12, 1987, an order was entered dismissing the New Jersey action.

On April 9, 1987, this action was commenced. On June 20, 1989, on the eve of trial, Combustion Engineering, Inc. moved for summary judgment on the grounds that the action was barred by the statute of

limitations. Defendant Owens–Corning Fiberglass Corporation has cross-moved for similar relief.

The Toxic Tort Revival Statute (C.P.L.R. § 214–c(2))[1] provides:

> [T]he three year period within which an action to recover damages for personal injury or injury to property caused by the latent effects of exposure to any substance or combination of substances, in any form, upon or within the body or upon or within property must be commenced shall be computed from the date of discovery of the injury by the plaintiff or from the date when through the exercise of reasonable diligence such injury should have been discovered by the plaintiff, whichever is earlier.

N.Y.C.P.L.R. § 214–c(2) (McKinney Supp. 1988).

Movants contend that this statute does not apply to plaintiff by dint of the provisions of Rule 202 of the New York Civil Practice Law and Rules (the "Borrowing Statute") which provides that:

> An action based upon a cause of action accruing without the state cannot be commenced after the expiration of the time limited by the laws of either the state or the place without the state where the cause of action accrued except that where the cause accrued in favor of a resident of the state the time limited by the laws of the state shall apply.

N.Y.C.P.L.R. § 202 (McKinney 1988).

Movants argue that plaintiff George Scalone's cause of action accrued in New Jersey, the place where the last event necessary to make an actor liable for an alleged tort occurred. Here, movants assert (Memorandum of Law in Support of Combustion Engineering, Inc.'s Motion for Summary Judgment, p. 3 *):

> The last event is the plaintiff's becoming ill ... In this case, plaintiff's decedent both became ill and discovered the cause

of illness in New Jersey in 1983, or, at the latest, 1984.

Hence, movants' reasoning is that the cause of action having accrued in New Jersey, the Borrowing Statute, not the Toxic Tort Revival Statute, is controlling and the action is time barred because the time elapsed between the discovery of the illness and commencement of suit exceeds that allowed by the New Jersey Statute of Limitations.

For the proposition that plaintiff's cause of action accrued in New Jersey, movant's rely primarily on language found in Judge Charles Sifton's Memorandum and Order in *Lyon v. Armstrong World Industries*, et al., No. 87 Civ. 5277 (E.D.N.Y. September 25, 1988). In *Lyon*, plaintiff, who had worked with asbestos products for 13 years and experienced some symptoms of pulmonary disorder, thereafter moved to Arizona, continued to be exposed to asbestos and subsequently died of lung cancer. Judge Sifton held that the cause of action did not accrue outside the state and that the Borrowing Statute was therefore irrelevant. Judge Sifton wrote that:

> Indeed, on a more general level, on issues such as the borrowing statute that concern the initial propriety of bringing suit, the place-of-injury rule avoids creating a trap for the unwary. It protects the as-yet unadvised plaintiff's common-sense notion that he can sue under the law of the place he was injured.

*Lyon v. Armstrong, supra*, p. 8. Although some statements in *Lyon* support movant's claims, the holding is not inconsistent with plaintiffs' position.

We are of the opinion that for purposes of determining the interrelationship between C.P.L.R. § 202 and the Toxic Tort Revival Statute (*cf. Besser v. Squibb*, 146 A.D.2d 107, 539 N.Y.S.2d 734 (1st Dept. 1989)), plaintiff's cause of action will be revived by the latter statute where New York is the place of exposure. As Judge

---

**1.** Suits barred as of the effective date of the statute were revived and action could be commenced within one year of the adoption of the statute. Plaintiff's New York action was brought within the one year "window" period.

Sifton has reminded us, common sense should not be abandoned in our analysis, nor should we lose sight of the remedial purposes of the statute.

Absent some clear indication in the statute itself or its legislative history of an intent to exclude from coverage those who are exposed in New York to toxic materials although resident elsewhere, we believe the place of accrual and place of injury are, for these purposes the same, and both are New York.

Movants contend that the Toxic Tort Revival Statute was designed to provide a remedy for New Yorkers who would otherwise have been totally deprived of any remedy. It should not, they urge, apply to a plaintiff who is not a New York resident and who had an opportunity to bring, and in fact brought, suit in his home state of New Jersey. Of course, the draftsmen of the Toxic Tort Revival Statute did not focus upon or discuss the particular facts of this case. We do not believe that plaintiffs have engaged in unjustifiable forum shopping. Nor do we believe that the existence of a possible forum elsewhere removes from the ambit of the revival statute the claims of one injured in New York. General references in the legislative history to the statute's purpose to benefit "New Yorkers" obviously did not take into consideration the relatively unusual situation of an asbestos worker who lived in New Jersey but worked in New York. We do not read these references to preclude conferring benefits on such persons.

Motions denied.